UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
IN THE MATTER OF THE COMMITMENT   :   Civil No. 13-1678 (WJM)
OF NORRIS H. YOUNG,              :
                                  :
         Plaintiff.               :   **OPINION**
                                  :
_____:

**WILLIAM J. MARTINI, U.S.D.J.**

　　Plaintiff is involuntarily committed at the Special Treatment Unit in Avenel, New Jersey, pursuant to the Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4-27.24, *et seq*. He brings this action under 42 U.S.C. § 1983, seeking a release from his involuntary commitment. The Clerk will not file a civil complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f). The filing and administrative fee for a civil complaint is $350.00. In this case, while the Clerk has received the complaint, the complaint has not been filed as plaintiff has neither submitted an *in forma pauperis* application nor paid the applicable filing fee.

　　A plaintiff bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the plaintiff is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1).

　　Plaintiff may not have known when he submitted his complaint that he must pay the filing fee or submit an application to proceed *in forma pauperis*. Furthermore, it is worth noting that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief

1

may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(g).

In this case, as previously stated, plaintiff has not submitted an *in forma pauperis* application nor has he paid the requisite filing fee.  Accordingly, the Clerk will be ordered to administratively close this case.

However, the court advises plaintiff that there are two potential avenues of relief; a petition for habeas corpus and a civil rights complaint.  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004).  If, as it appears from the face of the complaint received, plaintiff is challenging the validity of his civil commitment, it cannot be raised in this Section 1983 action.  Instead, it can only be raised in a petition for writ of habeas corpus after plaintiff exhausts his state court remedies as required under 28 U.S.C. § 2254.  *See Preiser v. Rodriguez*, 411 U.S. 475 U.S. 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *see also Oliver v. Dow*, Civ. No. 10-1542, 2011 WL 601556, at *11 (D.N.J. Feb. 17, 2011) (stating where plaintiff's challenge implicates the validity of a civil commitment, it cannot be raised via a Section 1983 action but only via a petition for writ of habeas corpus), *report and recommendation adopted by*, 2011 WL 3703699 (D.N.J. Aug. 23, 2011); *Bota v. State of New Jersey*, Civ. No. 05-4930, 2005 WL 2897501, at *2 (D.N.J. Oct. 28, 2005) (stating that it is well established that persons confined under the SVPA may use section 2254 to challenge a term or judgment of commitment and that section 2254's exhaustion requirements pertain to people in custody pursuant to a civil commitment); *Banda v. N.J. Dep't of Mental Health Servs.*, Civ. No. 05-2622, 2005 WL 2129296, at *3 (D.N.J. Aug. 31, 2005) (holding where plaintiff seeks release

from involuntary commitment, his action is not cognizable under Section 1983 but instead should be raised in a habeas proceeding).

For the foregoing reasons, the matter will be administratively closed and an appropriate order will be entered.

Date:   5/22/13                                                          s/William J. Martini

                                                                 WILLIAM J. MARTINI, U.S.D.J.